UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEPHANIE COBB )
)
    *Plaintiff*, )
) Case No: 2:18-cv-68
v. )
) Judge Christopher H. Steger
ANDREW SAUL, )
Commissioner of Social Security )
Administration, )
)
    *Defendant*. )

## MEMORANDUM OPINION

Plaintiff Stephanie Cobb seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by a United States Magistrate Judge according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 22].

For reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 31] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 33] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.    Procedural History**

In October 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability as of October 13, 2013. (Tr. 99, Doc. 16-2). Plaintiff's claims were denied initially as well as on reconsideration. As a result, Plaintiff requested a hearing before an administrative law judge.

In February 2017, ALJ Charles Howard heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 99-103).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, that request was denied. (Tr. 1-5). Having exhausted her administrative remedies, Plaintiff then filed her Complaint on April 24, 2018, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings with respect to his decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2017.

2. Plaintiff had not engaged in substantial gainful activity since October 31, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et. seq.*).

3. Plaintiff has the following severe impairments: asthma, osteoarthritis, status post left eye surgeries, anxiety, and depression (20 C.F.R. § 404.1520(c) and 416.920(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. Plaintiff was born on June 7, 1970, and was 43 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.923).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because the ALJ found that Plaintiff was not disabled regardless if she has transferable job skills (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, some jobs exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from October 31, 2013, through the date of the ALJ's decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. at 101-13).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, claimants must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he is not disabled; (2) if the claimant does not have a severe impairment he is not disabled; (3) if the

claimant's impairment meets or equals a listed impairment he is disabled; (4) if the claimant is capable of returning to work he has done in the past he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the Court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV.  Analysis

Here, Plaintiff raises three issues: (1) whether the ALJ erred by not ordering a consultative exam with pulmonary-function testing; (2) whether substantial evidence supports the ALJ's evaluation even though the ALJ did not discuss Listing 3.00; and (3) whether failure by the ALJ to include citations to the record constitutes reversible error?

### A.  The ALJ's failure to order a consultative exam

As noted, the burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512. That, however, does not leave the ALJ without a corresponding duty. To the contrary, ALJ's have "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing . . . ." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 411 (1971)). In light of the ALJ's full-and-fair hearing requirement, Plaintiff asserts that "this case cannot be fairly decided without a current medical examination with pulmonary function testing pursuant to 20 C.F.R. § 1519 considering the multiple treatments [ ] [Plaintiff] has received for chronic asthma." [Doc. 32 at PageID #: 19]. Plaintiff underwent

pulmonary function testing in 2012; however, she maintains that her pulmonary condition has grown worse since then and "current testing is necessary . . . to determine the change in results reflecting the worsening of her condition over the years." [*Id.*].

The ordering of an updated physical consultative exam—which would include a pulmonary-functioning test—is within the ALJ's discretion. The regulations state that the agency might order a consultative examination when "the additional evidence needed is not contained in the records of your medical sources" or "the current severity of your impairment is not established." 20 C.F.R. §§ 404.1519a(b)(1), 416.919a(b)(1). However, when the record contains sufficient evidence about an impairment, an ALJ does not abuse their discretion by declining to obtain an additional assessment. *See Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013); *Robertson v. Comm'r of Soc. Sec.*, 513 F. App'x 439 (6th Cir. 2013) (finding because the record contained test results, physicians' notes, opinion evidence from multiple physicians, and lacked any significant inconsistencies in the evidence, the ALJ was not obligated to order a consultative examination with a cardiologist or obtain additional medical records.).

Here, the Court finds that the ALJ's failure to order a consultative exam with pulmonary-functioning testing was proper. There is no material gap in the record with respect to Plaintiff's pulmonary issues. The record is voluminous, with over 1,000 pages of medical records, and includes records detailing several pulmonary exams. (Tr. 457-1554). Plaintiff's counsel did not assert in Plaintiff's pre-hearing brief that additional pulmonary testing was needed. (Tr. 450-51). And, significantly, Plaintiff's attorney stated at the hearing that the record was complete. (Tr. 123). No reason existed for the ALJ to order an additional pulmonary-functioning examination.

### B. The ALJ's Finding that Plaintiff Did Not Meet a Listing

Plaintiff next contends that the ALJ erred by not analyzing whether Plaintiff met the requirements of Listing 3.03—which is the listing for asthma. A claimants bears the burden, at the third step of the sequential evaluation, to demonstrate that she meets a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). Claimants do not satisfy a listing unless all of the listing requirements are present. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). *See also, Thacker v. Soc. Sec. Admin.*, 93 Fed. Appx. 725, 728 (6th Cir. 2004) ("When a claimant alleges that [they] meet[ ] or equal[ ] a listed impairment, [they] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") If a claimant successfully carries this burden, the Commissioner must find that the claimant is disabled without considering their age, education, and work experience. 20 C.F.R. § 416.920(d).

It is Plaintiff's burden to show that she meets or medically equals a listed impairment. Here, she fails to point to any evidence that would establish that her respiratory impairment due to asthma satisfies Listing 3.03. *See Krull v. Comm'r of Soc. Sec.*, 2016 WL 8451412, at *10 (E.D. Mich. Dec. 21, 2016) ("A claimant's failure to specifically detail, in a point-by-point fashion, how he or she meets a listing waives that argument."). Even a cursory review of Plaintiff's medical records makes clear that her respiratory functioning was generally normal, and that her respiratory issues did not meet or equal Listing 3.03.

The ALJ discussed each of Plaintiff's hospitalizations for exacerbations of her asthma condition. To meet the listing, the hospitalizations had to be 48 hours in duration. Moreover, the listing requires a total of three hospitalizations within a period of twelve months. Plaintiff's hospitalizations for asthma did not meet these requirements of Listing 3.03(b). 20 C.F.R. Part 404, Subpt. P, App'x 1, 3.03(b). The ALJ also discussed Plaintiff's FEV1 values,[1] noting that her July 2012 value was normal and that her January 2015 physical examination reflected that her lungs had decreased breath sounds with extensive expiratory wheezing, but that her physical examination was otherwise within normal limits. (Tr. 104, 107). Plaintiff's FEV1 scores of 2.49 in July 2012 and 1.86 in January 2015 are insufficient to meet the Listing, which requires an FEV1 less than or equal to 1.65 for a woman of Plaintiff's height (63 inches) and age (20 years or older). 20 C.F.R. Part 404, Subpt. P, App'x 1, 3.03(a). Although Plaintiff did have a Pre-FEV1 score of 1.45 in January 2015, her highest FEV1 value during the test was 1.86. (Tr. 1192-93). The Listings explain that the agency will use Plaintiff's highest FEV1 value to evaluate her respiratory disorder under 3.02A, 3.03A, and 3.04A, regardless of whether the values were from the same forced expiratory maneuver or different forced expiratory maneuvers. 20 C.F.R. Part 404, Subpt. P, App'x 1, 3.00(E)(1). None of the evidence demonstrates that Plaintiff met Listing 3.03. Therefore, she cannot carry her burden. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (noting that plaintiffs bear the burden in demonstrating that they meet a listed impairment).

### C. The ALJ's Failure to Include Citations to the Record

Plaintiff's last argument is that the ALJ erred by not explicitly citing to the record. Remand is not warranted even if the ALJ did not cite to specific records in his decision. "Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the

---

[1] FEV1 is the volume of air that can forcibly be blown out in the first one second after full inspiration.

evidence as a whole and reach a reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010). The ALJ's decision satisfies this standard. The ALJ's discussion of the evidence contains enough information to identify the record to which he refers. While the Court is mindful that the medical record is voluminous in this case, remand to include pinpoint citations is not required. *See id.*

## V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 31] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 33] will be **GRANTED,** and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE